1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRANKLIN S. CAMILLO and CELINA SALAZAR CAMILLO,**     )<br>     )<br>          **Plaintiffs**,     )<br>     **v.**     )<br>     )<br>**WASHINGTON MUTUAL BANK, F.A.,** )<br>**CALIFORNIA RECONVEYANCE CO.,** )<br>**QUALITY LOAN SERVICE,** )<br>**MORTGAGE ELECTRONIC** )<br>**REGISTRATION SYSTEM, INC., and** )<br>**DOES 1 through 50 inclusive,** )<br>          **Defendants.** )<br>_____ ) | **1:09-CV-1548  AWI SMS**<br><br>**ORDER ON DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>(Doc. No. 6) |

This case stems from a loan obtained by Plaintiffs from Washington Mutual Bank ("WAMU"). The loan is now in default. Plaintiffs filed this suit in the Stanislaus County Superior Court and alleged violations of the Truth in Lending Act ("TILA") (15 U.S.C. § 1601 et seq.) and various state law claims. JP Morgan Chase ("Chase")[1] and California Reconveyance Co. ("CRC") removed to this Court on the basis of federal question jurisdiction. Shortly after removal, Chase and CRC moved to dismiss the Complaint. Plaintiffs filed no opposition or response. For the reasons that follow, the motion will be granted.

_____

[1] In the notice of removal, Chase indicates that it acquired certain assets and liabilities of Washington Mutual from the Federal Deposit Insurance Corporation ("FDIC").

**GENERAL BACKGROUND**

From the Complaint, in March 2006 "Plaintiffs applied for a loan using [real property located at 226 Palomino Way, Patterson, California] as collateral in a contract of mortgage with WAMU as lender and [CRC] as trustee, and Plaintiffs as the borrow." On March 7, 2006, Plaintiffs entered into a loan agreement with WAMU. The agreement provided for the creation of a deed of trust in the sum of $432,000 based on a 30-year variable interest rate starting at 6.525% with a maximum cap of 11.525%. WAMU was the lender and CRC was deed of trust trustee. Escrow closed and Plaintiffs made their payments. The deed of trust is dated March 1, 2006, and is signed by Plaintiffs. On March 3, 2009, Plaintiffs were served a letter of Notice of Default. The Notice states that approximately $13,000 was due as of March 2, 2009, and that a non-judicial sale of the house could not be set until three months after the date of recording of the notice (the notice was recorded on March 3, 2009).

Plaintiffs filed this lawsuit on July 28, 2009. Plaintiffs allege causes of action for: (1) violation of TILA; (2) three violations of California Business & Professions Code § 17200 et. seq.; (3) fraudulent omission; (4) quiet title; (5) rescission based on fraud; (6) unfair debt collection practices; (7) breach of fiduciary duty; (8) breach of contract; (9) breach of the covenant of good faith and fair dealing; and (10) declaratory and injunctive relief. The First, Seventh, Tenth, and Eleventh claims are against WAMU only; the other causes of action are against all Defendants.

**LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075,

1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the

necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d

1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir.

1994).  But, the Court is not required "to accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536

F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not

accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere

conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see

also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).   Furthermore,

Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the

defendants have violated . . . laws in ways that have not been alleged."  Associated General

Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526

(1983).  As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
> 'entitlement to relief' requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do. Factual allegations must
> be enough to raise a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, to "avoid a Rule 12(b)(6)

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see

Twombly, 550 U.S. at 570; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061,

1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks
> more than a sheer possibility that a defendant has acted unlawfully.  Where a
> complaint pleads facts that are 'merely consistent with' a defendant's liability, it
> stops short of the line between possibility and plausibility of 'entitlement to
> relief.'
> . . .

> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the Complaint if no party questions their authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted whe amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANTS' MOTION

### 1.    First Claim – TILA

*Defendants' Argument*

Defendants argue that Plaintiffs seek money damages and rescission. However, relief is not appropriate because: (1) WAMU, not Chase, was the lender who would have had to comply with TILA, (2) the statute of limitations for damages is one year and Plaintiffs filed suit more than three years after the loan was issued; and (3) there is a statute of repose of three years for rescission and Plaintiffs filed suit more than three years after the loan was made.

*Legal Standard*

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). The failure to satisfy TILA's requirements subjects a lender to "statutory and actual damages [that are] traceable to a lender's failure to make the requisite disclosures." Id. (citing 15 U.S.C. § 1640). There is a one year statute of limitations period in which to file an action for such damages. See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412. The one-year limitations period of "[15 U.S.C. §] 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

Additionally, TILA "authorizes a borrower whose loan is secured with his 'principal dwelling,' and who has been denied the requisite disclosures, to rescind the loan transaction . . . ." Beach, 523 U.S. at 412 (citing 15 U.S.C. § 1635(a)). The right of rescission may last up to three years depending on when or if a lender delivers a statement containing the requisite TILA disclosures. Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir. 1989). However, the right of rescission is completely extinguished after three years from the date of the loan's consummation. 15 U.S.C. § 1635(f); Beach, 523 U.S. at 412, 419; Miguel v. Country Funding Corp., 309 F.3d 1161, 1163-64 (9th Cir. 2002). "Consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003). TILA excepts four transactions from the general right to rescind, including "residential mortgage transactions," which are financing agreements arising from the acquisition or initial construction of a home. 15 U.S.C. § 1635(e) (incorporating the definition of 15 U.S.C. § 1602(w));[2] Barrett v. JP Morgan Chase

---

[2]15 U.S.C. § 1602(w) defines a "residential mortgage transaction" specifically as: "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."

1  Bank, N.A., 445 F.3d 874, 879 (6th Cir. 2006).  "Thus, while home equity loans and refinancing

2  transactions would be amenable to rescission, [a] purchase money mortgage is not."  Watts v.

3  Decision One Mortg. Co., LLC, 2009 U.S. Dist. LEXIS 54784, *8 (S.D. Cal. June 11, 2009);

4  Delino v. Platinum Cmty. Bank, 628 F.Supp.2d 1226, 1234 (S.D. Cal. 2009).

5  *Discussion*

6         Chase argues that, since WAMU made the loan, WAMU and not Chase would have

7  violated TILA.  However, Chase acknowledges that it acquired "certain assets and liabilities" of

8  WAMU.  Some Courts have mentioned Chase's possible successor liability for WAMU, but they

9  have not definitively ruled on the issue.  See, e.g, Allen v. United Fin. Mortg. Corp., 2009 U.S.

10  Dist. LEXIS 83680, *14 n.7 (N.D. Cal. Sept. 15, 2009); Abdollahi v. Washington Mut., FA,

11  2009 U.S. Dist. LEXIS 50072, *4-*5 (N.D. Cal. June 15, 2009).  Although Chase does not

12  elaborate in this motion, from other cases it appears that Chase's Purchase and Assumption

13  Agreement with the FDIC is the basis of Chase's position.  See Allen, 2009 U.S. Dist. LEXIS

14  83680 at *14 n.7.  Nevertheless, the argument has not been fleshed out to this Court.  The Court

15  finds Chase's argument to be insufficiently developed and will not grant dismissal at this time on

16  the basis that WAMU and not Chase interacted with Plaintiffs.

17         With respect to rescission, there are significant concerns with Plaintiffs' claim.  First,

18  there is no indication that Plaintiffs attempted to rescind the loan prior to filing this lawsuit.  The

19  loan closed in March 2006, but this case was not filed until July 2009.  This is beyond the three-

20  year limitations period.  See 15 U.S.C. § 1635(f); Beach, 523 U.S. at 412, 419; Miguel, 309 F.3d

21  at 1163-64.  Second, the deed of trust (which was executed in 2006) and the docket in this case

22  both list Plaintiffs' address as being in Milpitas, California.  This suggests that Plaintiffs'

23  "primary dwelling" is not the Patterson property that is the subject of the loan agreement.  If the

24  Patterson property is not the "primary dwelling," then rescission is not available as that remedy is

25  applicable only when a security interest is created in a "primary dwelling."  See 15 U.S.C. §

26  1635(a); Beach, 523 U.S. at 412.  Third, if the Patterson property is Plaintiffs' "primary

27  dwelling," and if the loan was obtained from WAMU in order to acquire that property, then this

28  was a "residential mortgage transaction," which is exempt from TILA's right of rescission.

See 15 U.S.C. § 1635(e) (1); Barrett, 445 F.3d at 879; Crittenden v. HomEq Servicing, 2009 U.S. Dist. LEXIS 95009, *10-*11 (E.D. Cal. Sept. 28, 2009). However, it is unknown whether the loan in this case was in fact a purchase money mortgage instead of a home equity or other type of loan.  See Watts, 2009 U.S. Dist. LEXIS 54784 at *8; Delino, 628 F.Supp.2d at 1234.

With respect to any claim for damages, Plaintiffs did not file this case within one year of the loan closing.  Plaintiffs are over two years beyond the one-year limitations period.  See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412; King, 784 F.2d at 915.

Since Plaintiffs did not file an opposition or response of any kind, and the Complaint is silent on this point, it is unclear whether equitable tolling would be appropriate.  King, 784 F.2d at 915.  Further, it is unknown whether Plaintiffs attempted to rescind prior to March 2009, whether the Patterson property is a "primary dwelling," or whether the loan in this case was a purchase money mortgage.  Because of this uncertainty, the Court will dismiss the claims with leave to amend in order for Plaintiffs to show that their TILA claims are timely and whether rescission is available.  See King, 784 F.2d at 915; Toscano v. Ameriquest Mortg. Co., 2007 U.S. Dist. LEXIS 81884, *12-*15 (E.D. Cal. Oct. 23, 2007).


**2.      Second, Third & Fifth Claims – Cal. Bus. & Prof. Code § 17200 ("UCL")**

*Defendants' Argument*

Chase argues that for a violation of the UCL, there must be an allegation that defendants participated in a prohibited practice.  However, Plaintiffs do not allege misconduct against Chase nor can they since any violation would have occurred on or prior to March 1, 2006.  WAMU and not Chase was the original lender.  Further, CRC was merely the trustee and it could not have committed the violations.  Additionally, Plaintiffs have not alleged sufficiently particular facts that demonstrate a violation by Chase or CRC of an underlying law.  Finally, although Plaintiffs allege that the loan agreement was unconscionable, the allegation is a legal conclusion that is not supported by any facts.

*Discussion*

Initially, as discussed above, Chase has not sufficiently explained why it does not stand in

the shoes of WAMU.  Thus, at this time, the Court will not dismiss claims on the basis that

WAMU, and not Chase, engaged in the improper conduct.[3]

There are three separate UCL claims alleged.  The Second cause of action is predicated

on violations of TILA.  See Complaint at ¶ 45.  The Third cause of action is predicated on "unfair

and fraudulent business practices," i.e. extending the loan to Plaintiffs on the basis of stated

income only and without further verification of Plaintiffs' ability to pay.  See id. at ¶ 54.  Finally,

the Fifth cause of action is predicated on a violation of California Financial Code § 22302

(which incorporates Civil Code § 1670.5's prohibition on unconscionability), i.e. the loan

agreement was unconscionable because unequal bargaining power prohibited Plaintiffs from

making changes and the terms were one-sided.

Under the UCL, "unfair competition" means "and includes any unlawful, unfair or

fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and

any act prohibited by Chapter 1 . . . ."  Cal. Bus. & Prof. Code § 17200.  "In essence, an action

based on Business and Professions Code § 17200 to redress an unlawful business practice

'borrows' violations of other laws and treats these violations, when committed pursuant to

business activity, as unlawful practices independently actionable under section 17200 et seq. and

subject to the distinct remedies provided thereunder."  Farmers Ins. Exch. v. Superior Court, 2

Cal.4th 377, 383 (1992).  In other words, a "defendant cannot be liable under § 17200 for

committing 'unlawful business practices' without having violated another law."  Ingles v.

Westwood One Broadcasting Servs., Inc., 129 Cal.App.4th 1050, 1060 (2005).

With respect to CRC (as well as the other non-lender Defendants), Defendants' argument

is persuasive.  CRC is the trustee of the deed of trust.  See Complaint at ¶ 3.  The loan agreement

was between WAMU and Plaintiffs.  Allegations that the loan agreement is unconscionable, that

the loan was made without sufficient determination about Plaintiffs' ability to pay, and failure to

---

[3]Chase cites *Emry v. Visa Int'l Service Ass'n*, 95 Cal.App.4th 952, 960 (2002) for the proposition that a
defendant is not liable under the UCL if the defendant does not participate in the alleged misconduct.  However,
*Emry* involved a situation in which California residents received solicitations from foreign lotteries and the
solicitations had Visa's logo on them.  See Emry, 95 Cal.App.4th at 955.  The solicitations were done without Visa's
knowledge.  See id. at 959-60.  Although *Emry* did hold that there is no vicarious liability under the UCL, it did not
involve the issue of successor liability.  See id. at 960.  At this point, *Emry* is inapposite.

make various disclosures all relate to conduct by WAMU as the lender.  The alleged conduct would not apply to CRC as the trustee or to the other non-lender Defendants.  Since the predicate conduct for all three UCL causes of action can only relate to conduct by WAMU as the lender, dismissal of these three claims against CRC and the other non-lender Defendants without leave to amend is appropriate.

With respect to Chase, dismissal of the Second cause of action (predicated on TILA violations) is appropriate.  "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."  Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000); Vega v. JP Morgan Chase Bank, N.A., 2009 U.S. Dist. LEXIS 83763, *29 (E.D. Cal. Aug. 25, 2009).  Since the TILA claims fail, the UCL claim also fails.  See Landayan v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 93308, *9 (N.D. Cal. Sept. 18, 2009);  Vega, 2009 U.S. Dist. LEXIS 83763 at *29; Rosal v. First Fed. Bank of Cal., 2009 U.S. Dist. LEXIS 60400, *28 (N.D. Cal. July 15, 2009).  For the reasons discussed above regarding the TILA claims, dismissal of this cause of action will be with leave to amend.

As to the Third cause of action, Plaintiff alleges that WAMU made the loan based on stated income and without further investigation.  Plaintiffs' allegations are conclusory and do not indicate that another law has been violated.  The allegation is that WAMU should have done more research into Plaintiffs' financial condition before making the loan.  However, "[n]o such duty exists for a lender to determine the borrower's ability to repay the loan …. The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."  Phillips v. MERS Mortg. Elec. Registration Sys., 2009 U.S. Dist. LEXIS 93277, *10 (E.D. Cal. Oct. 2, 2009) (quoting Renteria v. United States, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006)).  "[A] lender owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  Phillips, 2009 U.S. Dist. LEXIS 93277 at *10; Wagner v. Benson, 101 Cal.App.3d 27, 34 (1980); see Nymark v. Heart Fed. Sav. & Loan Assn, 231 Cal.App.3d 1089, 1096 (1991).  Without factual allegations that show WAMU was acting other than a typical lender, there is no violation of law

alleged and dismissal is appropriate.  Although it appears likely that WAMU acted only as a typical lender, the Court will nevertheless grant leave to amend.

Finally, with respect to the Fifth cause action (predicated on unconscionability), Civil Code § 1670.5 codifies the doctrine of contractual unconscionability but does not define the term "unconscionable."  Cal. Civ. Code § 1670.5; Trend Homes, Inc. v. Superior Court, 131 Cal.App.4th 951, 956 (2005).  However, in California,

> . . . the law has clearly established that the term ["unconscionable"] has both a procedural and a substantive element. The former takes into consideration the parties' relative bargaining strength and the extent to which a provision is 'hidden' or unexpected, while the substantive element requires terms that 'shock the conscience' or at the least may be described as 'harsh or oppressive.'  Both elements must be present, but 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

Trend Homes, 131 Cal.App.4th at 956.  The terms "harsh," "oppressive," and "shocks the conscience" are "not synonymous with 'unreasonable,'" and "it is important that courts not be thrust into the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable."  Aron v. U-Haul Co. of California, 143 Cal.App.4th 796, 809 (2006).

Plaintiffs allege unequal bargaining power and an inability to change terms, insufficient time to review, one-sided terms, and only a significant loss of money to Plaintiffs could result from the agreement.  See Complaint at ¶ 76-78.  Plaintiffs are describing a contract of adhesion, i.e. "a standardized contract, which, imposed and drafted by the party of superior bargaining and strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it."  Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 113 (2000). However, to "describe a contract as adhesive in character is not to indicate its legal effect . . .; a contract of adhesion is fully enforceable according to its terms unless certain other factors are present."  Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 819-20 (1981).  Simply alleging an adhesion contract is insufficient to show unconscionability.  See id. at 819.  Plaintiffs must also allege facts that deal with the substantive element of unconscionability.  Defaulting on a loan or the inability to make payments on a loan after three years time does not "shock the conscience,"

1   and the conclusory allegation that the contract was designed to cost Plaintiff a "significant loss of

2   money," <u>see</u> Complaint at ¶ 78, also does not show unconscionability.  <u>See</u> <u>Aron</u>, 143

3   Cal.App.4th at 809; <u>Wagner</u>, 101 Cal.App.3d at 34 ("The success of [the plaintiffs'] investment

4   is not a benefit of the loan agreement which the bank is under a duty to protect."); <u>cf.</u> <u>Nymark</u>,

5   231 Cal.App.3d at 1093 n.1 (noting that there is no fiduciary relationship between a lender and a

6   borrower and that a commercial lender is entitled to pursue its own economic interests in a loan

7   transaction).  Since no factual allegations plausibly suggest an unconscionable agreement,

8   dismissal with leave to amend is appropriate.  <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1449-50.

9

10      **3.      Fourth Cause of Action – Concealment**

11      *Defendants' Argument*

12      Defendants argue, *inter alia*, that Plaintiffs' concealment claim is based on a non-existent

13   duty.  Plaintiffs allege that Defendants did not inform them that Plaintiffs would not qualify for a

14   loan.  Defendants contend that there is no such duty and that Plaintiffs did qualify for the loan.

15      *Discussion*

16      Defendants' argument is well taken.  "To state a cause of action for fraudulent

17   concealment, the defendant must have been under a duty to disclose some fact to the plaintiff."

18   <u>Hahn v. Mirda</u>, 147 Cal.App.4th 740, 745 (2007).  Plaintiffs only allege a duty to disclose that

19   they could not qualify for the loan.  <u>See</u> Complaint at ¶ 65.  "However, a financial institution

20   owes no duty of care to a borrower when the institution's involvement in the loan transaction

21   does not exceed the scope of its role as a mere money lender."  <u>Nymark</u>, 231 Cal.App.3d at 1096;

22   <u>see also</u> <u>Oaks Management Corp. v. Superior Court</u>, 145 Cal.App.4th 453, 466 (2006) (". . .

23   absent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary

24   relationship between the borrower and the lender.").  Thus, Defendants "had no duty to disclose

25   to [Plaintiffs] that [they] did not have the ability to repay the loan."  <u>Cross v. Downey S&L</u>

26   <u>Ass'n</u>, 2009 U.S. Dist. LEXIS 17946, *14 (C.D. Cal. Feb. 23, 2009); <u>cf.</u> <u>Phillips</u>, 2009 U.S. Dist.

27   LEXIS 76539 at *10 (in context of a negligence claim holding that, "No such duty exists for a

28   lender to determine the borrower's ability to repay the loan …. The lender's efforts to determine

the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."); Spencer v. DHI Mortg. Co., 2009 U.S. Dist. LEXIS 55191, *5-*6, *8 (E.D. Cal. June 30, 2009) (same).  There are no allegations that show a special circumstance or a special relationship – the allegations show a simple loan of money.  Without factual allegations that plausibly show a duty to disclose by WAMU, dismissal with leave to amend as to WAMU/Chase is appropriate.  See Iqbal, 129 S.Ct. 1449-50.  However, because the basis of this concealment cause of action is conduct by the lender only, the other non-lender Defendants could not "conceal."  Dismissal as to all other Defendants of this claim will be without leave to amend.


### 4. Sixth Cause of Action – Quiet Title

*Defendants' Argument*

Defendants argue that the sixth cause of action is "nonsensical."  Plaintiffs claim that their interest in the property is based on the deed of trust, which somehow grants the subject property to them.  However, the deed of trust grants WAMU a lien on the property.

*Discussion*

Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  See Cal. Code Civ. Proc. § 761.020.  Further, a "mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."  Nool v. Homeq Servicing, 2009 U.S. Dist. LEXIS 80640, *20 (E.D. Cal. Sept. 3, 2009); Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994).  That is, "a trustor/borrower is unable to quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid."  Coyotzi v. Countrywide Fin. Corp., 2009 U.S. Dist. LEXIS 91084, *54 (E.D. Cal. Sept. 15, 2009); Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist. LEXIS 34811, *14 (N.D. Cal. April 8, 2009).

1   Here, Plaintiffs' Complaint is verified, describes the property by address and APN,

2   alleges that Plaintiffs own the property, attaches the deed of trust as the basis for their interest in

3   the property, seeks to quiet title as of March 2, 2009, prays for a determination of title, and seeks

4   to quiet title against WAMU and Defendants Quality Loan Service and Mortgage Electronoic

5   Registration System, Inc.  The Complaint also states that Defendants hold themselves out as the

6   owners of the property despite not having the original note signed in ink by Plaintiffs.  These

7   allegations do not sufficiently address the nature of the adverse interest claimed by each of the

8   Defendants.  See Cal. Code Civ. Pro. § 761.020(c).  Also, it is irrelevant that these Defendants do

9   not have the original note signed in ink by Plaintiffs.  See Brosnan v. Countrywide Home Loans

10   Inc., 2009 U.S. Dist. LEXIS 92480, *19 (N.D. Cal. Oct. 5, 2009); Smith v. Wachovia, 2009 U.S.

11   Dist. LEXIS 57553, *6 (N.D. Cal. July 6, 2009).  Further, Plaintiffs have not alleged that they

12   have payed or can pay their debt owed on the property under the deed of trust.  See Coyotzi, 2009

13   U.S. Dist. LEXIS 91084 at *54; Nool, 2009 U.S. Dist. LEXIS 80640 at *19; Pagtalunan, 2009

14   U.S. Dist. LEXIS 34811 at *14; Miller, 26 Cal.App.4th at 1707.  It is unclear if amendment can

15   correct these deficiencies.  As such, dismissal will be with leave to amend.

16

17       **5.       Seventh Cause of Action – Rescission based on Fraud**

18       *Defendants' Argument*

19   Defendants argue that the allegations are conclusory and unsupported.  Instead, there is a

20   mere allegation that, "WAMU, when the true facts are known, has no present right to initiate

21   foreclosure under the security instrument . . . ."  Further, there is no allegation that Plaintiffs have

22   the equitable intent to restore the loan proceeds as a condition to obtaining rescission.

23       *Discussion*

24   Defendants are correct.  Plaintiffs seek to obtain rescission on the basis of fraud.  Federal

25   Rule of Civil Procedure 9(b) requires that, when averments of fraud are made, the circumstances

26   constituting the alleged fraud must be "specific enough to give defendants notice of the particular

27   misconduct . . . so that they can defend against the charge and not just deny that they have done

28   anything wrong."  Fed. R. Civ. Pro. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106

13

(9th Cir. 2003).  Although the substantive elements of fraud may be set by a state law, those elements must be pled in accordance with the requirements of Rule 9(b).  <u>See id.</u> at 1103. Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007).  The plaintiff must set forth what is false or misleading about a statement, and why it is false."  <u>Vess</u>, 317 F.3d at 1106.  Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud.  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009).  Here, Plaintiffs identify WAMU as having engaged in fraudulent conduct, but under this cause of action they have not specifically identified what the fraudulent conduct was, when it was made, where it occurred, and how the conduct was fraudulent.  <u>See id.</u>; <u>Vess</u>, 317 F.3d at 1106; <u>Wood v. Aegis Wholesale Corp.</u>, 2009 U.S. Dist. LEXIS 57151, *15-*18 (E.D. Cal. July 2, 2009); <u>Pagtalunan</u>, 2009 U.S. Dist. LEXIS 34811 at *13-*14.  Also, rescission is a remedy.  <u>Nakash v. Superior Court</u>, 196 Cal.App.3d 59, 70 (1987).  Since the fraud allegation fails, so too fails the request for rescission based on fraud.  <u>See Wood</u>, 2009 U.S. Dist. LEXIS 57151 at *15-*18; <u>Alicea v. GE Money Bank</u>, 2009 U.S. Dist. LEXIS 51296, *8-*9 (N.D. Cal. June 17, 2009); <u>Pagtalunan</u>, 2009 U.S. Dist. LEXIS 34811 at *13-*14.  Dismissal with leave to amend is appropriate.

### 6.      Eighth Cause of Action – Unfair Debt Collection

*Defendants' Argument*

Defendants argue that Plaintiffs have merely listed three statutes and generally alleged that Defendants violated those statutes without alleging supporting facts.  There are no supporting facts that indicate any wrongdoing.

*Discussion*

Defendants are correct.  Plaintiffs' allegations simply amount to an improper, conclusory allegation that all Defendants violated the Federal Fair Debt Collections Practices Act ("FDCA"), the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the Real Estate Settlement Procedures Act ("RESPA").  <u>See</u> Complaint at ¶ 96.  Dismissal of this cause of action

on this basis alone is appropriate.

Additionally, with respect to the FDCA and the RFDCPA, those acts apply only to "debt collectors."  See 15 U.S.C. § 1692a(6); Cal. Civ. Code § 1788.2(c); Putkkuri v. Recontrust Co., 2009 U.S. Dist. LEXIS 32, *7 (S.D. Cal. Jan. 5, 2009); Izenberg v. ETS Servs., LLC, 589 F.Supp.2d 1193, 1198-99 (C.D. Cal. 2008).  First, the Complaint fatally fails to allege that any of the Defendants are debt collectors.  Second, even if there were allegations that the Defendants met the statutory definition of a "debt collector," "the law is well-settled… that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the [FDCA]."  Nera v. Am. Home Mortg. Servicing, Inc., 2009 U.S. Dist. LEXIS 68515, *9 (N.D. Cal. Aug. 4, 2009); Costantini v. Wachovia Mortg. FSB, 2009 U.S. Dist. LEXIS 53669, *7-*8 (E.D. Cal. June 23, 2009); Hepler v. Washington Mut. Bank, F.A., 2009 U.S. Dist. LEXIS 33883, *11 (C.D. Cal. Apr. 17, 2009); Scott v. Wells Fargo Home Mortg. Inc., 326 F.Supp.2d 709, 718 (E.D. Va. 2003).  Finally, the Complaint under this cause of action incorporates by reference all prior paragraphs.  See Complaint at ¶ 95.  Those paragraphs deal with the making of the loan and the beginning of the foreclosure process.  However, "the law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDCA."  Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co., 2009 U.S. Dist. LEXIS 19613, *11 (N.D. Cal. Mar. 12, 2009); see Tapia v. Aurora Loan Servs., LLC, 2009 U.S. Dist. LEXIS 82063, *5-*6 (E.D. Cal. Aug. 25, 2009); Ricon v. Recontrust Co., 2009 U.S. Dist. LEXIS 67807, *9 (S.D. Cal. Aug. 4, 2009); Izenberg, 589 F.Supp.2d at 1199; Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).

With regard to Plaintiffs' RESPA claim, Plaintiffs do not identify a particular section, but simply state that Defendants violated 12 U.S.C. §§ 2601 to 2617.  RESPA was enacted in order to bring about: (1) more effective advance disclosure to home buyers and sellers of settlement costs; (2) the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services; (3) a reduction in the amounts home buyers are required to place in escrow accounts established to insure the payment of real estate taxes and insurance; and (4) significant reform and modernization of local record-keeping of land title information.  12

U.S.C. § 2601(b).  The Court is unaware of a "debt collections" provision of RESPA.

    For the above reasons, dismissal is clearly appropriate.  Moreover, given the identities of the Defendants and the Complaint's factual basis, amendment would be futile so dismissal of this cause of action will be without leave to amend with one exception.  The last document of Exhibit B of Plaintiffs' Complaint purports to be a letter from Defendant Quality Loan Service.  That letter is entitled "Debt Validation Notice" and states on the bottom, "We are attempting to collect a debt, and any information we obtain will be used for that purpose."  As such, dismissal of this cause of action as to Defendant Quality Loan Service will be with leave to amend.


**7.      Ninth Cause of Action – Breach of Fiduciary Duty**

*Defendants' Argument*

    Defendants argue that Plaintiffs's breach of fiduciary duty claim is nearly identical to their concealment claim.  As established above, Defendants owed Plaintiffs no fiduciary duties.

*Discussion*

    Plaintiffs' breach of fiduciary duty claim is alleged against all Defendants.  See Complaint at p. 18.  The allegations show that the cause of action is based on conduct that would have been by the lender WAMU.  Specifically, Plaintiffs complain about the failure to make disclosures, including those "required by law" for real estate transactions and those regarding Plaintiffs' ability to qualify for a loan and ability to pay.  See id. at ¶¶ 99-100.  However, as Defendants rightly point out, "absent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and the lender."  Oaks Management, 145 Cal.App.4th at 466; Nymark, 231 Cal.App.3d at 1093 n.1 ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); see Cross, 2009 U.S. Dist. LEXIS 17946 at *14.  Therefore, the Complaint shows no breach of fiduciary duty because there is no indication that WAMU acted as anything other than a typical lender.  Nymark, 231 Cal.App.3d at 1096.  Although it is unlikely that WAMU acted as anything other

than a typical lender, it is not certain; dismissal will be with leave to amend as to WAMU/Chase.

Since the conduct that forms the basis of this cause of action could only involve the lender,

dismissal will be without leave to amend as to all other Defendants.

### 8.      Tenth Cause of Action – Breach of Contract

*Defendants' Argument*

Defendants argue that the allegations are uncertain and insufficient.  Plaintiffs simply

allege that the contract was one of adhesion and nothing more.  However, simply because a

contract is one of adhesion does not render the contract unenforceable.

*Discussion*

"To be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a

contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

(4) damage to plaintiff."  Troyk v. Farmers Group, Inc. 171 Cal.App.4th 1305, 1352 (2009).  The

defendant's breach must have proximately caused the plaintiff's damage.  See id.  Further, if a

defendant's breach does not cause harm, a trier of fact may nevertheless award the plaintiff

nominal damages.  Id. at 1352 n.36.

Contrary to Defendants' assertion, Plaintiffs' cause of action alleges more than a mere

contract of adhesion.  Plaintiffs also allege, ". . . WAMU breached the contract when it failed to

apply any portion of the payments received from Plaintiffs toward the principal loan balance."

Complaint at ¶ 108.  Plaintiffs previously alleged that they entered into a contract with WAMU

that was a finance loan agreement.  See id. at ¶ 104.  In terms of damages, the allegations are

sufficient at least to raise the issue of nominal damages.[4]  See Troyk, 171 Cal.App.4th at 1352

---

[4]Plaintiffs also expressly allege that they were damaged in a sum "to be determined by trial as a home has more value than can be determined by just retail price."  Complaint at ¶ 109.  However, the breach identified is failure to apply any of the monthly payments to the principal.  See id. at ¶ 108.  The notice of default and an election to sell indicate that Plaintiffs were $13,000 in arrears.  See id. at ¶ 13 &  Exhibit B.  WAMU's failure to apply payment amounts to the principal would not cause Plaintiffs to miss making monthly payments and thereby place their home in jeopardy.  At this time, the damages allegation is insufficient for anything other than nominal damages.

n.1.  What is missing, however, is any allegation that Plaintiffs have performed their obligations or are excused from performing their obligations.  See id. at 1352.  Because Plaintiffs do not allege either performance or excuse for non-performance of their contractual duties, dismissal of this claim will be with leave to amend.

### 9.      Eleventh Cause of Action – Breach of the Covenant of Good Faith

*Defendants' Argument*

Defendants argue that *inter alia* that the allegations for this cause of action relate only to WAMU's failure to make TILA disclosures.  TILA disclosures are required to be made before credit is extended; thus the conduct could only have occurred before a contract was ever formed.

*Discussion*

In California, "there is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."  Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal.4th 390, 400 (2000).  The covenant is "read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose."  Carma Developers (Cal.), Inc. v. Marathon Development Cal., Inc., 2 Cal.4th 342, 373 (1992).  To show a breach of this covenant, a plaintiff must show the following elements: (1) the existence of a contract; (2) plaintiff performed all, substantially performed, or was excused from performing his obligations under the contract; (3) all conditions for defendant's performance occurred; (4) defendant unfairly interfered with plaintiff's right to receive the benefits of the contract; and (5) plaintiff was harmed by defendant's conduct.  Judicial Council of California – Civil (CACI) (2009 ed.) § 325.

Here, Defendants are correct.  Plaintiffs are relying on the failure of WAMU to make disclosures regarding the loan and Plaintiffs' ability to pay.  See Complaint at ¶ 112.  This is conduct that would have occurred prior to the signing of the loan agreement, i.e. prior to the

existence of the loan agreement.  Since the complained of conduct occurred prior to the

contract's existence, the cause of action fails.[5]  See  CACI § 325.  Amendment cannot cure this

particular deficiency.  Thus, dismissal will be without leave to amend.


**10.     Twelfth Cause of Action – Declaratory and Injunctive Relief**

*Defendants' Argument*

Defendants argue that the allegations are too general and vague to establish a specific

controversy that requires the Court to make a declaration.  Under California Code of Civil

Procedure § 1061, the Court may refuse to issue a declaration where a determination is not

necessary or proper at the time and under the circumstances.

*Discussion*

It is unclear whether Plaintiffs are seeking declaratory relief under California or Federal

law.  "Declaratory relief is appropriate when (1) the judgment will serve a useful purpose in

clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief

from the uncertainty, insecurity, and controversy giving rise to the proceeding."  Guerra v.

Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).  While the "existence of another adequate remedy

does not preclude a declaratory judgment that is otherwise appropriate," Fed. R. Civ. P. 57

(2009), the "availability of other adequate remedies may make declaratory relief 'inappropriate.'"

Ricon v. Recontrust Co., 2009 U.S. Dist. LEXIS 67807, *16 (S.D. Cal. Aug. 4, 2009);  Stream

Cast Networks, Inc. v. IBIS LLC, 2006 U.S. Dist. LEXIS 97607 *10 (C.D. Cal. May 1, 2006). A

"federal court may decline to address a claim for declaratory relief where the substantive suit

would resolve the issues raised by the declaratory judgment action, … because the controversy

has 'ripened' and the uncertainty and anticipation of litigation are alleviated."  Sanchez v. United

States Bancorp, 2009 U.S. Dist. LEXIS 89752, *19-*20 (S.D. Cal. Sept. 25, 2009); Tina v.

Countrywide Home Loans, Inc., 2008 U.S. Dist. LEXIS 88302, *6 (S.D. Cal. Oct. 30, 2008).

---

[5]Additionally, as discussed above, WAMU was under no duty  to disclose the Plaintiffs' ability or inability
to pay.  See Cross, 2009 U.S. Dist. LEXIS 17946 at *14; Nymark, 231 Cal.App.3d at 1096.

Where the "relief [a] plaintiff seeks is entirely commensurate with the relief sought through [his] other causes of action . . . [the] declaratory relief claim is duplicative and unnecessary." Mohammad Akhavein v. Argent Mortg. Co., 2009 U.S. Dist. LEXIS 61796, *14 (N.D. Cal. July 17, 2009); Mangindin v. Washington Mut. Bank, 2009 U.S. Dist. LEXIS 51231, *13-*14 (N.D. Cal. June 18, 2009).

Similarly, in California, a "court may refuse to [to grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." Cal. Code Civ. Pro. § 1061; Meyer v. Sprint Spectrum, L.P., 145 Cal.4th 634, 648 (2008). Where "the rights of the complaining party have crystallized into a cause of action for past wrongs, a court may refuse to entertain an action for declaratory relief." Cross, 2009 U.S. Dist. LEXIS 17946 at *25 (citing Warren v. Kaiser Foundation Health Plan, Inc., 47 Cal. App. 3d 678, 683 (1975)).

Here, the bases for declaratory relief is that the loan agreement is invalid due to a failure to make TILA disclosures, WAMU is not the holder of the original note, and Defendants provided a loan to Plaintiffs for which Plaintiffs were not qualified. See Complaint at ¶ 115(a)-(d). However, that WAMU is not the holder of the original note is irrelevant as "[t]here is no requirement that the party initiating foreclosure be in possession of the original note." Nool, 2009 U.S. Dist. LEXIS 80640, *12 (E.D. Cal. Sept. 3, 2009); Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist. LEXIS 34811, *6 (N.D. Cal. Apr. 8, 2009); Putkkuri v. ReconTrust Co., 2009 U.S. Dist. LEXIS 32, *5 (S.D. Cal. Jan 5, 2009). As such, declaratory relief regarding WAMU's alleged failure to have the original note is improper and dismissal is appropriate. Pagtalunan, 2009 U.S. Dist. LEXIS 34811 at *6-*7.

With respect to the other grounds for declaratory relief, dismissal is warranted. The other grounds (providing a loan for which Plaintiffs did not qualify and failing to make TILA disclosures) correspond to separate causes of action in the Complaint. There are "no reasons to believe declaratory judgment will resolve any issues aside from those already addressed by the substantive claims." Ricon, 2009 U.S. Dist. LEXIS 67807 at *16. In other words, these bases

for declaratory relief are redundant of alleged causes of action and are therefore unnecessary.  <u>See</u> <u>Mohammad</u>, 2009 U.S. Dist. LEXIS 61796 at *14.   Further, the Court has analyzed the corresponding causes of action and dismissed them.  The declaratory relief claims similarly fail with their corresponding or encompassed causes of action.  <u>See</u> <u>Pagtalunan</u>, 2009 U.S. Dist. LEXIS 34811 at *6-*7.  The Court fails to see how declaratory relief in this situation would be necessary or useful.  <u>See</u> <u>Sanchez</u>, 2009 U.S. Dist. LEXIS 89752 at *20; <u>Ricon</u>, 2009 U.S. Dist. LEXIS 67807 at *16; <u>Mohammad</u>, 2009 U.S. Dist. LEXIS 61796 at *14; <u>Pagtalunan</u>, 2009 U.S. Dist. LEXIS 34811 at *6-*7.  Accordingly, dismissal without leave to amend is appropriate.


## <u>CONCLUSION</u>

Chase and CRC request dismissal of all the claims alleged against them.  After reviewing the Complaint, the Court concludes that dismissal of all causes of action is appropriate.  With some exceptions, the dismissals will be without prejudice because it is not completely certain the amendment would be futile.


Accordingly, IT IS HEREBY ORDERED that Defendants WAMU/Chase and CRC's motion to dismiss is:

1.   GRANTED as to the First, Sixth, Seventh, and Tenth causes of action with leave to amend;

2.   GRANTED as to the Second, Third, Fourth, Fifth, and Ninth causes of action with leave to amend as to WAMU/Chase only, but without leave to amend as to all other named Defendants;

3.   GRANTED as to the Eighth cause of action with leave to amend as to Defendant Quality Loan Service, but without leave to amend as to all other named Defendants;

4.   GRANTED as to the Eleventh cause of action without leave to amend;

5.      GRANTED as to the Twelfth cause of action for declaratory relief without leave
        to amend;

7.      Plaintiffs may file an amended complaint that complies with this order and with
        the obligations of Federal Rule of Civil Procedure 11 within twenty (20) days of
        service of this order; and

8.      If Plaintiffs fail to timely file an amended complaint, then all dismissed claims
        will be considered dismissed with prejudice and the Court will close this case
        without further notice.

IT IS SO ORDERED.

**Dated:    October 26, 2009**                              **/s/ Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE