IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN S. CAMILLO and CELINA SALAZAR CAMILLO,<br><br>          Plaintiffs,<br>   v.<br><br>WASHINGTON MUTUAL BANK, F.A., CALIFORNIA RECONVEYANCE CO., QUALITY LOAN SERVICE, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., and DOES 1 through 50 inclusive,<br>          Defendants. | 1:09-CV-1548  AWI SMS<br><br>ORDER DISMISSING DEFENDANTS FOR VIOLATION OF RULE 4(m)<br><br>(Doc. No. 17) |

On January 13, 2010, as part of its order on a motion to dismiss, the Court ordered Plaintiffs to show cause in writing why Defendants Quality Loan Service ("QLS") and Mortgage Electronic Registration System, Inc. ("MERS") should not be dismissed for violation of Rule of Civil Procedure 4(m).  See Court's Docket Doc. No. 17.  Plaintiffs have failed to file any response, timely or otherwise, to the order to show cause.

Without an extension from the Court, the time in which to serve a defendant with process is 120 days.  See Fed. R. Civ. Pro. 4(m).  Under Rule 4(m), "if process is not served within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that time, the action is subject to dismissal without prejudice upon the court's own initiative with notice to the plaintiff."  Hason v. Medical Bd., 279 F.3d 1167, 1174 (9th Cir. 2002).  In the case of a removed action, the 120 day period to serve process runs from the date of

1  removal to federal court, it does not run from the date that the action was filed in state court.
2  <u>Cowen v. American Med. Sys.</u>, 411 F.Supp.2d 717, 721 (E.D. Mich. 2006); <u>Baumeister v. New
3  Mexico Comm'n for the Blind</u>, 409 F.Supp.2d 1351, 1352-53 (D. N.M. 2006); <u>McKinnis v.
4  Hartford Life</u>, 217 F.R.D. 359, 360 (E.D. Pa. 2003); <u>Randolph v. Hendry</u>, 50 F.Supp.2d 572, 579
5  (S.D. W. Va. 1999).

6       The case at bar was removed to this Court on August 31, 2009.  More than 120 days have
7  elapsed from the date of removal, but there is no indication that either QLS or MERS have been
8  served with process.  Plaintiffs have failed to show cause why defendants QLS and MERS
9  should not be dismissed pursuant to Rule 4(m).  It is appropriate to dismiss these defendants.
10 <u>See</u> Fed. R. Civ. Pro. 4(m); <u>Hason</u>, 279 F.3d at 1174.

12      Accordingly, IT IS HEREBY ORDERED that Defendants Quality Loan Service and
13 Mortgage Electronic Registration System, Inc are DISMISSED from this case for violation of
14 Federal Rule of Civil Procedure 4(m).

16 IT IS SO ORDERED.
17 **Dated:      February 2, 2010**            /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE